UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**WEBCOLLEX, LLC D/B/A
CKS FINANCIAL AS ASSIGNEE
OF SALLIE MAE BANK**,

    Plaintiff,

v.

**ASSAD S. MIRZA**,

    Defendant.

_____/

## COMPLAINT

Plaintiff Webcollex, LLC d/b/a CKS Financial ("Plaintiff"), by and through its undersigned counsel, hereby sues Defendant Assad S. Mirza ("Defendant") to recover on a promissory note and alleges:

### PARTIES

1. Plaintiff is a limited liability company with its principal place of business in Chesapeake, Virginia. CDYNE Corporation is the sole member of Plaintiff. CDYNE Corporation is a Virginia corporation.

2. Defendant is a natural person who at all relevant times was a citizen of and resided in Plantation, Florida.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and the parties are citizens of different states.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

5. On or about March 20, 2018, Defendant applied to obtain a student loan from Sallie Mae Bank ("Sallie Mae") and entered into a promissory note with Sallie Mae (the "Note) in the principal amount of $85,000. A true and correct copy of the Note is attached hereto as **Exhibit 1**.

6. Under the Note, Defendant promised to pay the amount loaned, interest and fees accrued on that amount or on any capitalized amount, and, in the event of a default, reasonably attorneys' fees, collection agency fees, court costs, and other collection costs, unless prohibited by law. *See* Exh. 1 at 1.

7. Defendant made two separate payments of $1,910.59 on the Note.

8. In one such payment to Sallie Mae dated January 1, 2021, Defendant endorsed the check for $1,910.59 as "paid in full."

9. The Note, however, permits the Note-holder to accept payments marked with "payment in full," or any other restrictive endorsement, without losing any rights under the Note. *See* Exh. 1 at 2 ("We can accept . . . partial payments or payments marked 'paid in full' or with any other restrictive endorsement without losing any of our rights under this Note.").

10. No rights were waived, modified, or terminated as a result of accepting payment by Defendant endorsed as "paid in full."

11. Defendant last made payment on the note on February 9, 2021, and has not made further payment since that time.

12. Accordingly, Defendant defaulted on the Note by failing to make the required payments.

13. Sallie Mae charged off the Note on June 30, 2021.

14. On July 15, 2021, Sallie Mae provided Defendant with notice that it charged off the Note, including the amounts charged off.

15. Sallie Mae sold the Loan to Plaintiff on July 22, 2021, pursuant to a Loan Sale Agreement and Bill of Sale. A true and correct copy of Sallie Mae's assignment of the Loan to Plaintiff is attached hereto as **Exhibit 2**.

16. Accordingly, Plaintiff is the current owner of the Note.

17. On July 28, 2021, Sallie Mae informed Plaintiff that CKS acquired the Loan.

18. Since the assignment of the Note, Defendant has not made any payment on the Note.

19. The debt owed to Plaintiff is as follows:

| Current Principal (*after application of all prior payments, credits, and offsets*) | $91,769.18 |
|---|---|
| Unpaid Interest | $1,877.60 |
| Unpaid Fees | $123.01 |
| Credits previously applied (Debtor payments, credits, and offsets) | $0.00 |
| **Total Owed** | **$93,769.79** |

20. Plaintiff has demanded that Defendant make payment on the Note and Defendant has neglected and/or refused to pay same.

## COUNT I – BREACH OF PROMISSORY NOTE

21. Plaintiff repeats the allegations of Paragraphs 1 through 21 as though fully set forth herein.

22. The Promissory Note constitutes a valid and enforceable contract.

23. Under the Promissory Note, Defendant was contractually bound to pay the monthly account balance when it became due.

24. Defendant last made payment on the note on February 9, 2021, and has not made further payment since that time.

25. Defendant has materially breached the terms of the Promissory Note by failing to remit payments as required thereunder.

26. As a result, Plaintiff has been damaged in the amount of $93,769.79 in principle, fees and continuing accruing interest, and costs.

## COUNT II – ACCOUNT STATED

27. Plaintiff repeats the allegations of Paragraphs 1 through 21 as though fully set forth herein.

28. Before the commencement of this action, Plaintiff's assignee and Defendant had business transactions between them from March 20, 2018, through February 9, 2021. Defendant agreed to repayment of the principal, interest, and fees owed by making payments on the Promissory Note in response to statements he received. Attached hereto as **Exhibit 3** is Defendant's Account Statement on the Promissory Note.

29. Plaintiff's assignee rendered periodic statements to Defendant. Defendant paid certain of those statements.

30. Defendant has not paid the balance due after a reasonable period. Demand for payment was made upon Defendant, but Defendant refused to pay.

31. Defendant owes Plaintiff $93,769.79 in principal, interest, and fees, excluding attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. For the sums set forth in Paragraph 20, above, together with continuing accrued interest, accruing late fees, and prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest on the judgment at the legal rate until payment of the judgment is made in full.

B. For attorneys' fees and costs; and

C. Such other relief the Court deems proper.

*/s/ Capri Trigo*
**CAPRI TRIGO**
FBN 28564
*ctrigo@grsm.com*
**ANDREW R. SCHINDLER**
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5323

*Counsel for Plaintiff*